T. C. BOWES v. STATE.
No. A-1367. Opinion Filed December 14, 1912.
Appeal from Custer County Court;
J. C. McKnight, Judge.

Webster & Lackey, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and E. G. Spilman, Asst. Atty. Gen., for the State.

PER CURIAM. T C. Bowes, plaintiff in error, was convicted in the county court of Custer county on an information filed in said court on September 18, 1910, which charged the unlawful sale of one quart of beer to one P. S. Brooks. November 19, 1910, the defendant was arraigned and entered a plea of not guilty and released on bond. On July 13, 1911, the case was tried to a jury which found the defendant guilty, fixing his punishment at imprisonment for 120 days in the county jail and to pay a fine of two hundred seventy-five dollars.

Motion for new trial was filed and overruled. On July 17, 1911, judgment was entered in accordance with the verdict.

It is now contended that: "The court erred in not setting aside the verdict and then dismissing the case on the motion for a new trial, for the reason that the defendant had not been brought to trial at the next term of the court after the informaion was filed." The question presented has been directly passed upon by this court in the case of **T. C. Bowes v. State,** 7 Okla. Cr. 316, where it is said:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers, otherwise the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision, article 2, sec. 20, and the statutory provision, section 6498, Comp. Laws 1909."

Finding no prejudicial error in the record the judgment is affirmed.