## TOM HEAD v. STATE.

No. A-1332.   Opinion Filed May 10, 1913.

(131 Pac. 937.)

1. **TRIAL—Delay in Prosecution—Discharge.** A defendant who has never demanded or been refused a trial is not entitled to be discharged upon the ground that he was not brought to trial at the next term of the court at which the indictment or information was presented, unless he shows that the laches was on the part of the state through its prosecuting officers; otherwise the presumption will prevail that the delay was caused by or with the consent of the defendant himself; and when a defendant is on bail he must demand a trial of his case, or resist a continuance of the case from term to term.

2. **EVIDENCE—Evidence of Accomplice—Sufficiency.** A verdict of guilty upon the uncorroborated testimony of an accomplice is contrary to the law and to the testimony, and as such will be set aside.

(Syllabus by the Court.)

*Appeal from McClain County Court;*
*W. H. Woods, Judge.*

Tom Head was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*Osborn & Farris, E. E. Glasco,* and *Blanton & Andrews,* for appellant.

FURMAN, J. Appellant was prosecuted by indictment, which was returned in the district court of McClain county, Okla., on the 29th day of June, 1909, and on said date said indictment was by proper order of said district court transferred to the county court of McClain county. On the 9th day of July, 1909, the indictment was received and filed in the county court, and the case was set for trial at the July term of said county court. This, with a number of other indictments which were returned by said grand jury and transferred to the county court of McClain county, was attacked by demurrers, in which

it was alleged that the grand jury which returned the indictment was not properly and legally drawn, and therefore the indictments were invalid. This motion in one of these cases being submitted was by the court sustained. The county attorney prosecuted an appeal from this decision to the Criminal Court of Appeals. Thereupon the county judge ordered that all cases pending in said county court, where indictments had been returned by the same grand jury, and in which the same motion had been filed, should be continued until the legality of the indictments should be determined by the Criminal Court of Appeals. Upon appeal the judgment of the lower court was reversed, and the indictments were held to be valid. See *Wells v. State*, 5 Okla. Cr. 22, 113 Pac. 210. Pending said appeal, the case now before the court remained on the docket without any effort on the part of the state to bring the appellant to trial until the 11th day of April, 1911. On said 11th day of April, 1911, appellant filed a motion to dismiss said case, upon the ground that he had not previously been brought to trial, and said cause had not been continued by him, and that the delay in the trial of said cause had not been occasioned by his application or fault, and because said defendant was not tried at the next regular term of the county court of McClain county after it was filed therein, and had not been brought to trial at any subsequent term of said court. This motion was by the court overruled, to which appellant excepted.

We think that the reasons why the cause was not tried sooner, which appear in the record, are good and sufficient. We also hold that where a defendant, who is on bond, has never demanded or been refused a trial he is not entitled to a discharge upon the grounds set forth in this motion. See *Parker v. State*, 7 Okla. Cr. 239, 122 Pac. 1116, 124 Pac. 80; *Bowers v. State*, 7 Okla. Cr. 316, 126 Pac. 580. In the latter case Judge Doyle, speaking for the court, said:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the

case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officer; otherwise the presumption is that the delay was caused by or with the consent of the defendant himself; and when on bail he must demand a trial, or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision (article 2, sec. 20) and the statutory provision (section 6498, Comp. Laws 1909, Rev. Laws, 5547).

We therefore hold that the trial court did not err in refusing to sustain the motion to dismiss.

Second. The indictment charges that on the 7th day of June, 1909, Tom Head and Jim Head did sell to Marion Crutchfield three pints of whisky in McClain county, Okla. It was for this sale appellant was convicted.

Marion Crutchfield testified that on the day in question he met Jim Head, Arthur Webb, Jim Head's little boy, and Dave Mitchell riding in a buggy, and that he purchased two bottles of whisky from them; that he obtained the whisky from Arthur Webb.

Arthur Webb testified to the sale made to Crutchfield, and that Jim Head, Jim Head's little son, and Dave Mitchell were present. Arthur Webb also testified that he was engaged by Jim Head and Tom Head to work for them on the farm and also to sell whisky for them, and that he received a commission of 25 per cent. for all money paid him for whisky.

A number of material statements made by Webb were proven to be false. It was also proven that he stated that he was to receive $25 a head from the sheriff of Garvin county for each whisky peddler he turned in. It was proven that appellant was constable of his precinct in McClain county at the time of this alleged sale of whisky.

Appellant was a witness in his own behalf, and denied *in toto* the testimony of Arthur Webb as to his having any connection with the sale of the whisky to Crutchfield. There was

no evidence connecting appellant with the sale of the whisky to Crutchfield, except that of Arthur Webb. Webb being an accomplice, a conviction could not be sustained upon his testimony, unless there was other evidence tending to connect appellant with the offenses committed. See *Hendrix v. State,* 8 Okla. Cr. 530, 129 Pac. 78. There is testimony in the record that at another and different time Jim Head did sell whisky to another person, of which appellant had knowledge. If appellant had been tried and convicted for complicity in this sale made by Jim Head to such other person, an entirely different question would have been presented; but as there is no evidence in this record that appellant was in any manner connected with the sale of whisky made by Arthur Webb to Crutchfield, except the testimony of the accomplice, Webb, and as Webb was not corroborated in his statement that he, Webb, was employed by appellant, or in any manner connected with him, we are of the opinion that the verdict is not supported by the testimony, and is contrary to the law.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.