## C. D. WEEKS v. STATE.

No. A-3324—Opinion Filed Oct. 4, 1919.

(189 Pac. 932.)

APPEAL AND ERROR—Presumptions—Burden on Defendant, On Motion to Dismiss, to Show Laches in Prosecution. In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise, the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial, or resist the continuance of the case from term to term. A defendant, who has never demanded or been refused trial, is not entitled to a discharge under the constitutional provision (article 2, sec. 20) and the statutory provision (section 5547, Rev. Laws).

*Appeal from County Court, Jefferson County;*
*E. L. Dillard, Judge.*

C. D. Weeks, convicted of a violation of the prohibitory liquor law, appeals. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted in the county court of Jefferson county upon an information filed in said court on May 4, 1915, which charges the unlawful conveyance of intoxicating liquors. On the 12th day of February, 1918, in accordance with the verdict of the jury, he was sentenced to be confined for 30 days in the county jail and to pay a fine of $100. From the judgment he appeals.

The undisputed facts, as shown by the testimony of the sheriff of Jefferson county and a deputy sheriff, are that these officers, about 2 o'clock in the morning of the date alleged, stopped the defendant on the highway, about three miles west of Waurika. He was driving a Ford car loaded with 12 cases of whisky.

The refusal to grant a continuance is assigned as error. The continuance was asked on the grounds of the absence of P. T. Hamilton, who, if present, would testify that he was county attorney of Jefferson county when the information was filed, and that it was afterwards agreed that, if the defendant would relinquish all right, title, and interest in the Ford car, this case would be dismissed, and that he told this defendant that the county judge approved the agreement, and that the defendant thereupon withdrew any claim to said car, and the same was sold by the county.

The application was insufficient, in that it was not averred that the defendant was unable to prove such facts by any other witness. We also think that the absent witness was incompetent to testify to the facts proposed to be proven by him. The only competent evidence as to whether or not the case was dismissed was the record of the trial court. It follows that the continuance was properly denied.

When the case was called for trial, counsel for the defendant made the following motion:

"Comes now the defendant, C. D. Weeks, and moves to dismiss this action, for the reason it has been on the docket since 1915; some eight terms of this court having been held since said case was filed, and six terms of said court held after the same was assigned, and no attempt was made by the state to try the same.

"The Court: Motion overruled; exception allowed."

At the close of testimony the motion was renewed and overruled. It is contended by counsel for the defendant that the court erred in not sustaining the motions to dismiss.

When the state rested its case, the defendant called the court clerk as a witness, and over the objection of the county attorney introduced the docket entries of the case, showing, among others, the following entries:

"May 6, 1915. Appearance bond filed, approved, and recorded.

"July 12-15. Continued for the term.

"November 8-15. Continued for the term.

"9-24-1917. Set for trial.

"1-23-18. Setting down for trial.

"2-1-18. Motion for continuance filed.

"2-7-18. Case called for trial."

In the case of *Bowes v. State,* 7 Okla. Cr. 316, 126 Pac. 580, it was said:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state

through its prosecuting officers; otherwise, the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision (article 2, sec. 20), and the statutory provision (section 6488, Comp. Laws 1909)." Section 5547, Rev. Laws.

And see *Head v. State,* 9 Okla. Cr. 356, 131 Pac. 937, 44 L. R. A. (N. S.) 871. It follows that the court did not err in refusing to sustain the motions to dismiss.

Finding no prejudicial error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.