### BAILEY v. HOLDEN, County Judge.

No. A-4909.    Opinion Filed Nov. 8, 1923.
(219 Pac. 961.)

(Syllabus.)

**Appeal and Error—Continuance—Necessary Showing by Defendant of Laches of State in Support of Motion to Dismiss Prosecution.**

In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision (article 2, § 20) and the statutory provision (section 2913, Comp. St. 1921).

Petition for mandamus by E. N. Bailey against Choice D. Holden, County Judge, and N. W. Gross, County Attorney, to compel dismissal of prosecution for the unlawful transportation of intoxicating liquor pending against petitioner. Writ denied.

Warren & Warren, for petitioner.

N. W. Gore, Asst. Atty. Gen., for respondents.

DOYLE, J. The petitioner, E. N. Bailey, on November 9, 1923, filed in this court a petition for mandamus alleging in substance that petitioner, Bailey, and Van Davis were jointly charged by information filed in the county court of Choctaw county on the 12th day of October, 1921, with transporting intoxicating liquor, to wit, 20 gallons of whisky; that Choice D. Holden is county judge and N. W. Gross is county attorney of Choctaw county; that there have been seven terms of said county court since said information was filed, and no order of any kind was made or entered in said cause until the 5th day of November, 1923, when petitioner filed a motion to dismiss said cause on that ground, which motion was by the court summarily and arbitrarily overruled; that petitioner gave bond at the October, 1921, term of said court, and has ever been ready to answer, defend, and plead in said cause; that there is no good cause shown nor does any good cause exist why this cause should have

been delayed as it has been delayed, and petitioner has been and is being deprived of the right of a speedy trial and disposition of said cause. Wherefore petitioner prays that mandamus issue to said county judge to dismiss this prosecution, and that N. W. Gross, county attorney, be commanded to desist from further prosecution of this cause. To which petition the Attorney General filed a general demurrer on the ground that the facts alleged do not entitle petitioner to the relief prayed.

Petitioner's motion to dismiss is based upon the following sections of our Code:

Comp. Stats. 1921, § 2913: "If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Comp. Stats. 1921, § 2914: "If the defendant is not prosecuted or tried, as provided in the last two sections, and sufficient reason therefor is shown, the court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody, on his own undertaking or on the undertaking of bail for his appearance to answer the charge at the time to which the action is continued."

In Parker v. State, 7 Okla. Cr. 238, 122 Pac. 1116, 124 Pac. 80, it is said, before a prosecution will be dismissed against a defendant because it is not brought to trial within the time prescribed by sections 2913 and 2914, Comp. Stats. 1921, the burden is on the defendant to prove that the trial has not been postponed on his application, and the defendant must prove that he was ready for and demanded a trial and objected to a postponement or a continuance of the cause. If he does not do this, he will be held in law to have

waived his right to demand a dismissal of the cause under the provisions of the sections above quoted.

In Bowes v. State, 7 Okla. Cr. 316, 126 Pac. 580, it is said:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision, article 2, § 20, and the statutory provision [section 2913, Comp. Stats. 1921]."

See Eubanks v. Cole, 4 Okla. Cr. 25, 109 Pac. 736.

An examination of the record discloses that petitioner did not demand a trial or resist the continuance of this cause from term to term. It follows that under the rule stated, the demurrer to the petition should be sustained. The writ of mandamus will be denied.

MATSON, P. J., and BESSEY, J., concur.