## C. M. GRIFFITH v. STATE.

No. A-5656.    Opinion Filed Feb. 19, 1927.
Rehearing Denied March 26, 1927.
(254 Pac. 112.)

J. P. Evers, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county for the crime of robbery with firearms, and was sentenced to serve a term of 25 years in the state penitentiary.

Briefly, the evidence is to the effect that defendant, acting conjointly with others, committed a robbery, in the course of which several shots were fired, one of which struck defendant in the leg. The defense was an alibi. Defendant admits that he was shot in the difficulty that took place at the time of the robbery, but contends that he was passing along the opposite side of the street at the time. The evidence was for the jury, and there is sufficient to support the verdict. This court will not disturb the judgment on the question of the credibility of the witnesses or the weight of the evidence, where there is sufficient competent evidence to sustain it.

Defendant contends that the trial court should have dismissed the prosecution for failure to bring defendant to trial at the next term of court after which the case was triable under the provisions of section 2913, Comp. St. 1921. This court holds that in the absence

of the proper record affirmatively showing the contrary, the presumption is that the case was properly continued for a lawful cause, and where a motion to dismiss is filed, the burden is on the defendant to show that the fault in failing to try a defendant was on the state. Where a defendant is on bail, he must demand a trial or resist a continuance; otherwise he is not entitled to a discharge for the failure to prosecute. Francis et al. v. State, 26 Okla. Cr. 82, 221 P. 785. In the case before us, the record shows a docket entry dated December 16, 1924, "Stricken from the trial docket by agreement." He not only failed to demand a trial as required by the law, but agreed to a continuance. The motion to dismiss was properly overruled.

During the course of the argument, objections were made to certain statements of the county attorney which are here assigned as error. The prosecuting attorney may, of course, discuss the evidence as he understands it from the standpoint of the state, and draw reasonable inferences and deductions from it. Even an erroneous statement of the evidence will not ordinarily be ground for a reversal unless it likely influenced the verdict or was conceived in a spirit of unfairness or fraud. Thacker v. State, 3 Okla. Cr. 486, 106 P. 986; Williams v. State, 4 Okla. Cr. 523, 114 P. 1115; Morgan v. State, 9 Okla. Cr. 22, 130 P. 522; Bouie v. State, 9 Okla. Cr. 345, 131 P. 953.

Some complaint is also made to the remarks of the trial court, but we find nothing in any statement made that is in any wise prejudicial. Upon a view of the entire record, it appears that the defendant was fairly tried, the issues fairly submitted by the court's instructions, and the verdict is sustained by the evidence.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.