STATE ex rel. A. P. DAVIS v. WAYNE W. BAYLESS, District Judge.

No. A-6406.    Opinion Filed Sept. 22, 1927.
(259 Pac. 606.)

Charles Skalnik, for petitioner.

Edwin Dabney, Atty. Gen., N. B. Johnson, County Atty., and H. Tom Kight, for respondent.

DOYLE, J.   On application for writ of mandamus it appears from the application and the return to the rule issued to show cause why the writ should not issue that on September 13, 1924, an information was filed in the district court of Rogers county, charging jointly C. E. Young, A. P. Davis, E. M. Jones and M. O. Conner with having killed and murdered one Homer McMillan, in said county, on the 1st day of October, 1924; that on November 19, 1924, the case was called for trial, the state announced ready and the defendants each asked a severance, which was granted, and the state elected to put C. E. Young on trial; on November 24th, the jury,

having deliberated for some time, informed the court that they were unable to agree and were by the court discharged.

At that time it appeared that the amount in the .court fund was insufficient to try the petitioner herein, or either of his codefendants, and on said 24th day of November said cause was stricken from the assignment; it appears that petitioner A. P. Davis was admitted to bail and released on bond prior to October 1, 1924, and continuously since said time has been at liberty under bond.

On October 26, 1925, said cause was again set for trial on November 17, 1925, and on said day the cause proceeded to trial as to the defendant Young, and he was convicted of manslaughter and sentenced to imprisonment for a term of 4 years.

Thereupon the cause against petitioner was called for trial and his attorneys of record, John Ward and A. W. Kelley, announced in open court that they no longer represented the defendants Davis and Jones. At said time the state announced ready for trial, the petitioner Davis was called and was not present. No bond forfeiture was taken, and the cause was continued as to Davis and Jones for the term and dismissed as to Conner on motion of the state.

The regular terms of court in said district No. 2 in Rogers county, as provided by law, are the third Mondays of April and November of each year.

The petitioner avers that the said trial at said terms of court were not postponed or continued upon his application, and that he never consented to a postponement or continuance of the same.

The petition further avers:

"That said case was again set for trial for the 16th

day of June, 1926, at which time it was not tried, and that on the 26th day of June he appeared in open court and filed his motion to dismiss said cause for the reason that more than two terms of the district court were held after the said information was filed, and that the trial of said cause was postponed for all of said terms of court by the prosecution, without any good cause shown by the prosecution, a copy of which motion is annexed to the petition; that on the 21st day of September, 1927, said motion to dismiss was presented and was by the court overruled, and a dismissal of said cause denied."

And he further averred that for the reasons stated he has been prejudiced in his constitutional right to a speedy trial.

In conclusion, petitioner prays that an order be made ordering Wayne W. Bayless, Judge of the District Court, Judicial District No. 2, Rogers County, to forthwith dismiss said cause pending against him, the said A. P. Davis.

Bill of Rights, art. 2, § 20, of the Constitution declares that:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed."

The Code of Criminal Procedure provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." Section 2913, C. S. 1921.

The established rule in this state is that, in the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden

was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state, through its prosecuting officers; otherwise, presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge, under the constitutional provision (article 2, § 20) and the statutory provisions (section 2913, C. S. 1921). Francis v. State, 26 Okla. Cr. 82, 221 P. 785; Weeks v. State, 16 Okla. Cr. 443, 183 P. 932; Bowes v. State, 7 Okla. Cr. 316, 126 P. 580; Ex rel. Eubanks v. Cole, District Judge, 4 Okla. Cr. 25, 109 P. 736.

On October 18, 1926, at the conclusion of the argument of counsel, the court held that on the undisputed facts good cause for the continuance had been clearly shown, and the motion to dismiss the prosecution against the petitioner was by the lower court properly denied; that for the reasons stated the writ must be denied.

BESSEY, P. J., and EDWARDS, J., concur.