## A. P. DAVIS v. STATE.

No. A-6659. Opinion Filed August 17, 1929.
(279 Pac. 976.)

142

Charles Skalnik and L. O. Todd, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Rogers county of manslaughter in the second degree, and his punishment fixed at confinement in the state penitentiary for a term of 2 years and a fine of $500.

This is a companion case to that of Young v. State, 41 Okla. Cr. 226, 271 Pac. 426.   Defendant, Young, and two others were charged with the killing of Homer McMillan.   The facts were set out somewhat fully in the Young Case, and we deem it unnecessary to repeat them here.   Among the assignments of error argued is that the court erred in refusing to dismiss the case on the ground that defendant was not given a speedy trial.   Section 2913, Comp. Stat. 1921.   This contention was disposed of in a mandamus proceeding brought by defendant in this court to require the trial court to dismiss.   State ex rel. Davis v. Bayless, 38 Okla. Cr. 129, 259 Pac. 606.

It is next urged that the trial court erred in overruling defendant's demurrer to the information.   The information charges, in substance, that the homicide was

committed by defendant and three codefendants named, by shooting with a gun then and there held in the hands of them, the defendant and his named codefendants. Defendant insists that this allegation is not direct and certain as required by section 2556, Comp. Stat. 1921, but that the information should definitely allege which of the four persons named held and discharged the gun. This contention is not tenable. The distinction between accessories and principals having been abolished by statute, no additional facts need be alleged against an accessory than are required against his principal. Section 2574, Comp. Stat. 1921; Sanditen v. State, 22 Okla. Cr. 14, 208 Pac. 1040.

Complaint is next made of the action of the court in overruling challenges for cause of defendant to jurors who had heard or read of the case, or of the trial of the codefendant Young. The record discloses that defendant did not exercise all his peremptory challenges. This court has several times held that, where an accused does not exhaust his peremptory challenges, he is not in a position to complain that disqualified persons were permitted to sit on the jury. Pitman v. State, 33 Okla. Cr. 165, 242 Pac. 288; Treadway v. State, 30 Okla. Cr. 239, 235 Pac. 929. If there was any error in the action of the trial court in overruling these challenges for cause, which we think is extremely doubtful, such error was waived by defendant in failing to exhaust all his peremptory challenges.

Some claim of error is made in the overruling of defendant's application for a continuance. This application is based on the absence of two witnesses, I. L. Huff, court reporter who took the record in the Young Case, and Mrs. Opal Tatum, who was a member of defendant's

party at the time of the homicide. A stipulation was made as to the witness Huff which rendered his presence unnecessary, and the transcript of the testimony taken in the case of Young v. State, transcribed by him, was agreed to be correct, so no injury could have resulted from his absence. As to the witness Opal Tatum, at the time of the homicide she was the wife of a son of the co-defendant Young, and was an eyewitness to the fatal difficulty. Later she married Tatum, and at the time of the trial had left the state of Oklahoma. A subpoena was issued for her, and the return of the officer stated she resided at Whitenburg, Texas. Defendant alleges he had attempted to communicate with her but had received no response. The application does not state when the witness removed from the state nor when defendant learned of such fact. From his relations with the family of Young, it would appear that he should have known the whereabouts of this witness continuously, and, if she had been out of the state for any considerable time, diligence required that he take her deposition. Further, it is evident that the testimony of this witness would be cumulative to the testimony of Mrs. C. E. Young, who testified for defendant, as well as to the testimony of other witnesses. This court has several times held that it is not error to deny a continuance on the ground of absent witnesses where their testimony would be cumulative. Seigler v. State, 11 Okla. Cr. 131, 145 Pac. 308; Petty v. State, 11 Okla. Cr. 438, 147 Pac. 782.

It is further urged that under the provisions of section 1751, Comp. Stat. 1921, the punishment for manslaughter in the second degree may be imprisonment in the penitentiary not less than two nor more than four years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding $1,000, or by both

fine and imprisonment, but that the statute does not authorize the court or jury to assess a term in the penitentiary and a fine; that a fine can only be assessed alone or with a jail sentence. Counsel for defendant has overlooked section 2306, Comp. Stat. 1921, which provides that, upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is prescribed, the court may impose a fine not exceeding $200 in addition to the imprisonment prescribed. Murnand v. State, 18 Okla. Cr. 426, 195 Pac. 787. This section of the statute, however, if applicable, was not relied upon, since it does not authorize a fine in excess of $200. The punishment is excessive to the extent of the fine assessed. The judgment should be modified by striking out that part of it assessing a fine of $500.

Some other contentions are made, but none of them are of sufficient importance to require special discussion. Upon a consideration of the entire record, we are clearly of the opinion that the judgment should be modified by striking out the fine of $500, and, as thus modified, the case is affirmed.

CHAPPELL, J., concurs.

DAVENPORT, J., absent, not participating.