VIRGIL HARRIS et al. v. OGDEN, District Judge.

No. A-7568.     Opinion Filed October 5, 1929.
(281 Pac. 316.)

John L. Hodge, H. H. Brown, Mac Q. Williamson and Stephen A. George, for petitioners.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

EDWARDS, P. J.   This is an original proceeding in mandamus in which petitioners pray an order requiring John B. Ogden, judge of the district court of Carter county, to dismiss an indictment pending against them in that county charging the crime of embezzlement, for the reason that the said cause has not been brought to

trial within two terms from the time indictment was returned.

Section 2913, Comp. Stat. 1921, is as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The facts disclosed in the petition, exhibits, and stipulation are about as follows: Petitioners were indicted for embezzlement at the September, 1928, term. They were enlarged upon bond, and have continued at liberty since. The case was set for trial in October, being the September, 1928, term of court. At that time the county attorney had a serious illness in his family, and he applied for a continuance; both parties advised the court there was no objection to a continuance for the term. In the district of which Carter county is a part there are two district judges, and there has been a long-standing rule that all odd-numbered cases should be set in division No. 1, and all even-numbered cases in division No. 2. The indictment against petitioners bore an odd number, and was set in division No. 1, of which respondent was judge. It is shown that causes are transferred from one division to the other where application is made and it appears proper that the transfer be made. After the continuance of the case in October it properly stood for trial in division No. 1 in January following. During that term of court the judge of said division was for a long time seriously ill and unable to attend to the duties of his office, and, no application to transfer the case from division No. 1 to division No. 2 being made, the case was not tried. Defendants made no demand for a trial,

which was brought to the attention of the court. The question then is, Under this state of the record are petitioners entitled to have the prosecution against them dismissed?

There appears to be a conflict in some of the opinions rendered by this court under section 2913, supra. In some of the opinions where two terms have elapsed without consent of defendant it is said the burden is on the state to show that the continuance was for a lawful cause. Smith v. State, 27 Okla. Cr. 294, 227 Pac. 901; Clinkenbeard v. State, 40 Okla. Cr. 113, 267 Pac. 485; Bayne v. State, 42 Okla. Cr. 81, 279 Pac. 694.

Other cases hold that, when a defendant is on bail, he must demand a trial or resist the continuance of the case. State ex rel. v. Bayless, District Judge, 38 Okla. Cr. 129, 259 Pac. 606, and authorities cited; Davis v. State, 38 Okla. Cr. 129, 279 Pac. 976.

This seeming conflict appears to have arisen in cases where no counter showing was made to a defendant's motion to dismiss under this statute and in cases where a counter showing was made.

In the first line of authorities where an accused has made a sufficient showing and no counter showing is made, and the allegations of the defendant thereby tacitly admitted, the holding is in substance that the state must make some explanation showing good cause for its delay in bringing the accused to trial. These cases correctly state the law, if the showing made affirmatively discloses that the neglect is on the part of the state and that defendant has demanded trial and resisted a continuance. The other line, as in the Davis Case, supra, hold in substance that the burden is on the defendant in the first instance to show that the laches were on the part of the

state, and when on bail that he has demanded a trial and resisted a continuance. The conflict is more apparent than real, but, conceding a conflict, the Davis Cases undoubtedly state the correct rule. Section 2913, Comp. Stat. 1921. supra, is intended to amplify and make effective the provisions of article 2, § 20, of the state Constitution, which guarantees an accused a speedy trial. This constitutional and statutory right, however, may be waived, and is waived, when a defendant is on bail and agrees or acquiesces in the continuance of the prosecution against him. If he desires to avail himself of this constitutional and statutory right, he must demand a trial and resist a continuance of the case. When he has never demanded or been refused a trial, he is not entitled to a discharge under the constitutional and statutory provisions above referred to. In the instant case, the defendants not having made an affirmative showing as required, the presumption is that the case against them was continued for a lawful cause. The motion to dismiss the prosecution against defendants was properly refused, and, for the reasons stated, the writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.