# J. B. BURNS v. STATE.

No. A-8144.   Oct. 24, 1931.
(4 Pac. [2d] 115.)

MacDonald & MacDonald, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county of passing a bogus check and his punishment fixed at imprisonment in the state penitentiary for a term of two years

The information alleges the commission of the crime in May, 1920  The trial was in October, 1930.  A motion to dismiss the case for the reason that defendant was not accorded a speedy trial was filed.  A hearing on

this motion was had, at which hearing it was shown that, after the prosecution was commenced in 1920, defendant was arrested at Salt Lake City, Utah, that he resisted extradition, but was returned to this state and was lodged in the jail at Durant, but soon escaped, and was not apprehended and returned to jail until April, 1928. In a few days he was released on bail and remained at liberty until his trial.

The only contention made is that the court erred in denying his motion to dismiss the prosecution. Article 2, § 20, state Const., guarantees a speedy trial to every person charged with crime. Section 2913, Comp. Stat. 1921, is a statutory provision to supplement and make effective the constitutional guaranty. In substance, defendant contends that it is enough for the accused to show that the time fixed by the statute after information filed has expired, and that the case was not postponed on his application; that, if there was any cause for holding him a longer time without trial, it is for the prosecution to show it. As we said in the case of Harris et al. v. Ogden, District Judge, 44 Okla. Cr. 418, 281 Pac. 316, there is an apparent conflict in the opinions of this court applying this constitutional guaranty and statutory supplement. Some of the cases appear to sustain the contention of defendant. Culver v. State, 11 Okla. Cr. 4, 141 Pac. 26; Smith v. State, 27 Okla. Cr. 294, 227 Pac. 901; Clinkenbeard v. State, 40 Okla. Cr. 113, 267 Pac. 485; Bayne v. State, 43 Okla. Cr. 440, 279 Pac. 695. The other line in substance holds that, in the absence of a proper record affirmatively showing the contrary, the presumption is that the court continued the case for a presumably lawful cause, and the burden is on defendant, in support of his motion to dismiss, to show the failure on the part of the state to bring the cause to trial is due to laches on the part

of the state through its prosecuting officers; that is, the presumption is that the delay was caused by or with the consent of defendant; that when a defendant is on bail he must demand a trial or resist the continuance of the case. If he has not demanded and been refused a trial, he is not entitled to a discharge under the constitutional and statutory provisions. State ex rel. Davis v. Bayless, District Judge, 38 Okla. Cr. 129, 259 Pac. 606, and authorities cited; Davis v. State, 44 Okla. Cr. 141, 279 Pac. 976; Harris et al. v. Ogden, District Judge, 44 Okla. 418, 281 Pac. 316. See, also, Bailey v. Holden, County Judge, 25 Okla. Cr. 206, 219 Pac. 961; Francis et al. v. State, 26 Okla. Cr. 82, 221 Pac. 785; Duvall v. Freeman, Judge, 32 Okla. Cr. 39, 239 Pac. 939; Ex parte Menner, 35 Okla. Cr. 252, 250 Pac. 541; Griffith v. State, 36 Okla. Cr. 322, 254 Pac. 112; Stearns v. State, 45 Okla. Cr. 438, 283 Pac. 1028.

The law as stated in State el rel. Davis v. Bayless, supra, Davis v. State, supra, Harris et al. v. Ogden, District Judge, supra, is the correct rule. The case of Clinkenbeard v. State, in so far as in conflict with this opinion, is expressly overruled.

Defendant, having wholly failed to show that he demanded a trial and resisted continuance, was not entitled to have the prosecution dismissed for failure to award a speedy trial.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.