STATE ex rel. A. E. ROTHROCK v. HAYNES.

No. A-10837.    Feb. 19, 1947.

(177 P. 2d 515.)

Raymond A. Trapp, of Blackwell, for plaintiff.

Raymond O. Craig, of Newkirk, for defendant.

JONES, J.  This is original proceeding instituted by the petitioner, John Rothrock, in which he seeks a writ of mandamus directed to the Honorable Ralph C. Haynes, judge of the county court of Kay county, ordering said respondent to dismiss a criminal action against him pending in the county court of Kay county, for the reason that several terms of court have passed since an information was filed against petitioner, charging him with the offense of driving an automobile on the public highways while under the influence of intoxicating liquor; and that the petitioner had been denied his right to a speedy trial, as guaranteed to him by the Constitution and statutes of Oklahoma.

At the time of the filing of the verified petition, counsel for petitioner presented what is termed a "Return of Alternative Writ", signed by the county judge and county attorney of Kay county, to which there is attached a stipulation of facts upon which it is agreed that the case might be submitted, if this court assumed original jurisdiction.

After argument of counsel and due consideration, this court assumed original jurisdiction to determine this matter, and directed the filing of the return of the respondent.

The material facts which determine the disposition of this cause are as follows:

1. Defendant was charged by information in the county court of Kay county on June 21, 1944, with the offense of driving a motor vehicle upon the public highways of Kay county while under the influence of intoxicating liquor.

2. Defendant was arraigned, entered his plea of not guilty to the charge, his bond was fixed in the sum of $500 for his appearance, and on June 27, 1944, a good and sufficient bond was filed by defendant and he was released from custody.

3. No order of any kind was made or entered in said cause following the filing of said information and the making of bond, setting the same for trial, or granting a continuance thereof until the present county judge took the oath of office on January 13, 1947, when he made an order setting the case for trial on February 25, 1947.

4. Ample funds were available during all of the time that the information was pending against defendant, from June 21, 1944, until the present time, and there were sufficient cases on file to justify the calling of a jury session of court, but no trial assignments were made or jury summoned until the present term of court, which commenced in January, 1947.

It has been held that the writ of mandamus is the proper remedy to compel a trial court to dismiss a cause where defendant has been denied his right to a speedy trial.

Brummitt v. Higgins, 80 Okla. Cr. 183, 157 P. 2d 922; McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160.

The Bill of Rights of the Oklahoma Constitution provides: "Right and justice shall be administered without sale, denial, delay, or prejudice," art. 2, § 6; and, further, "in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Art. 2 § 20.

Tit. 22, O. S. 1941 § 812 provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

In the case of Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419, 427, it is stated:

"The term 'speedy,' as employed in the constitutional provisions under consideration, being a word of indeterminate meaning, permits legislative definition to some extent; and the authorities generally hold that statutes providing for a discharge of accused unless trial is had within a stated time after indictment, information, or commitment, or which require an indictment or information within a stated time, are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision, and must be construed fairly to the accomplishment of that end. 22 C. J. S., Criminal Law, § 467, p. 716.

"See, also, Ex parte Leathers, 66 Okla. Cr. 172, 90 P. 2d 450; Ex parte Menner, 35 Okla. Cr. 252, 250 P. 541; Ex parte Munger, 29 Okla. Cr. 407, 234 P. 219."

And, also:

"As there is no hard and fast rule for determining the question as to what is meant by the term 'unless good cause to the contrary be shown,' § 2872, supra [22 O. S. 1941 § 812], it becomes a matter for judicial determination under the facts and circumstances in each particular case."

It has been held that where the defendant is on bail the presumption is that the delay was caused by or with the consent of the defendant and the record must affirmatively show that he demanded a trial or resisted the continuance of the case. However, if the defendant is not on bail, the law makes the demand for him and the prosecution has the burden of showing that the trial was delayed for some lawful cause. State ex rel. Davis v. Bayless, 38 Okla. Cr. 129, 259 P. 606; Francis v. State, 26 Okla. Cr. 82, 221 P. 785; Bowes v. State, 7 Okla. Cr. 316, 126 P. 580.

In State ex rel. Davis v. Bayless, supra [38 Okla. Cr. 129, 259 P. 607], this court stated:

"A defendant [on bail] who has never demanded or been refused trial is not entitled to a discharge, under constitutional provisions (article 2, § 20) and the statutory provisions (22 O. S. 1941 § 812)."

This court has held in numerous cases that the constitutional guaranty of a speedy trial may be waived by consenting to continuances, and by the failure of a defendant enlarged on bail to present himself as required by the conditions of his bond, and demand a trial. Francis et al. v. State, supra; Weeks v. State, 16 Okla. Cr. 443, 183 P. 932; Head v. State, 9 Okla. Cr. 356, 131 P. 937, 44 L. R. A., N. S., 871.

Counsel for petitioner asks this court to apply a different rule where the trial court has failed to have a trial assignment during several terms of court, from those cases

392

where a trial assignment was issued by the trial court, but the case of accused would not be upon the assignment, and the accused nor his counsel appeared and demanded a trial.

We cannot see how the slight difference in the factual situation in the instant case would require the application of a different rule of law from that which we have applied without exception to those cases where the defendant is at liberty on bail and has never demanded a trial.

As has been hereinbefore pointed out, the question as to whether an accused has been denied his right to a speedy trial is a matter for judicial determination under the facts and circumstances in each particular case.

Although not determinative in the matter, it would at least have been persuasive if counsel for petitioner had made a showing that the unusual delay in bringing the petitioner to trial had caused him to be prejudiced in some way. There is no allegation in the petition, and no statement in the stipulation of facts wherein it is contended that the delay in assigning the petitioner's case for trial has materially prejudiced him in preparing his defense.

For the reasons hereinabove stated, the petition for writ of mandamus is denied.

BAREFOOT, P. J., and BRETT, J., concur.