**Leo LOWERY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16138.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1971.

Elton L. Johnson, Jr., Jack Durrett, II, Tahlequah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Leo Lowery, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Cherokee County, Oklahoma for the offense of Arson in the Third Degree; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion in this case, we do not deem it necessary to recite a detailed statement of facts. The evidence presented by the State is summarized as follows: A fire and loss policy on a 1962 Ford Galaxy, four-door hardtop was in force in April, 1968. On the 16th day of April, 1968, a loss report was filed with the insurer by the wife of the defendant, reflecting that said automobile was destroyed by an accidental fire on the 15th day of April, 1968. The fire was investigated, and a $500.00 check was issued by the insurer, made payable to the defendant, and the First National Bank of Tahlequah, Oklahoma.

Defendant's claim to the insurance company stated that his wife was driving the automobile on the 15th day of April, 1968, and about 3:00 p. m., the engine backfired,

and the car caught on fire. He further stated that the car had caught on fire previously under similar circumstances.

Harold Carpenter, an admitted felon, testified that some time in 1968, in the Spring or Summer, he was hired by the defendant to burn a "1961 or 1962 light-colored Ford." He testified that he did burn the automobile by placing lighter fluid in the front and back seats, and by lighting same, and that he received $50.00 from the defendant.

Two Special Agents testified that they examined the automobile in question on or about the 30th day of October, 1969, and that in their opinions, the automobile fire was caused by intense heat in the interior of the automobile.

At the conclusion of the State's evidence, defendant moved for a verdict of acquittal in favor of the defendant on the grounds that the State failed to establish a prima facie case of arson against the defendant, and on the further grounds that there was no evidence whatsoever to establish corroboration of the testimony of Harold Carpenter, or any evidence to connect the defendant with the commission of that crime.

 We are of the opinion that the defendant's motion was well-taken, and that the trial court should have directed the verdict in favor of the defendant on the grounds that the State failed to introduce evidence to establish corroboration of the testimony of Harold Carpenter. In the recent case of Renfro v. State, Okl.Cr., 477 P.2d 92 (1970), we stated in the second syllabus of the Court:

"Where acts and conduct of witnesses are admitted, it is a question of law for the court to determine whether the witness is an accomplice of accused; on the other hand, where facts are disputed and reasonably susceptible of either interpretation such issue is for the jury."

The instant case contains Carpenter's admission to the burning of the car. The question as to whether the witness, Carpenter, was an accomplice was, therefore, not a proper question for the jury. We further observe that the Record is devoid of any evidence whatsoever tending to corroborate the testimony of the accomplice, Carpenter. We have previously held that where the State's evidence consists solely of the uncorroborated testimony of an accomplice, defendant's motion for a directed verdict of not guilty should be sustained by the court. Thompson v. State, 9 Okl.Cr. 525, 132 P. 695; Bowes v. State, 7 Okl.Cr. 316, 126 P. 580. The judgment and sentence is, accordingly, reversed and remanded.

BRETT and NIX, JJ., concur.