## A. S. BAYNE v. STATE.

No. A-6591.  Opinion Filed July 13, 1929.
(279 Pac. 695.)

Walter Mathews, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted in the county of Payne county, Oklahoma, upon a charge of selling one-half gallon of spirituous liquors, and was sentenced to pay a fine of $500 and be imprisoned in the county jail for a period of 6 months.  Motion for new trial was filed and overruled.  Defendant excepted, and has appealed to this court.

The record in this case shows that the information was filed the 3d day of June, 1926, and prior to the convening of the July term of the county court of Payne county, and that on the 11th day of October, 1926, the defendant filed his written demand for trial, demanding that he be placed on trial at the October term of the county court, beginning the 11th day of October, 1926.  The case was not tried, and on the 24th day of February, 1927, the

defendant filed his verified motion to dismiss the cause on the following grounds:

"Comes now the defendant and shows to the court that the cause was triable at, and was set for the trial at the July term, 1926, of this court, at which time this defendant filed in this cause, and caused the court's attention to be called thereto, a written demand for trial, which is now on file in said case. That said trial has been postponed from term to term ever since upon application of the State of Oklahoma, and over his objection, and the same was not postponed on his application."

Which motion of the defendant to dismiss was overruled and defendant duly excepted. On the 24th day of February, 1927, after the defendant's motion to dismiss was overruled, the case was called for trial, and the trial proceeded and resulted in the conviction of the defendant.

It is urged by the defendant that the court erred in overruling the motion to dismiss the case, for the reason that more than two terms of court had elapsed since the information had been filed against him, and the continuing of the case from term to term was made over his objection and without his consent. The state did not controvert the motion of the defendant, and did not show any reason why the case had not been called for trial. The question this court has to consider is the question, Should the motion of the defendant to dismiss have been sustained?

Section 2913, Comp. St. 1921, is as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The section above quoted is plain, and we see no reason why the court should not be able to interpret the same in line with the decision of this court. Clinkenbeard v. State, 40 Okla. Cr. 113, 267 Pac. 485. If there was any cause for holding the defendant for a longer time without a trial, the state should have shown it. In this case the motion of the defendant to dismiss shows the day of the filing of the information and the number of terms of court that had passed since the filing of the information and before the case was called for trial. Upon the failure of the state to controvert the allegations of the defendant's motion to dismiss or make any effort to do so, it was error for the court to deny the defendant's motion to dismiss.

The defendant has assigned other errors, but the view we take of the record we do not deem it necessary to consider them.

It follows that the judgment should be reversed, with directions to discharge the defendant.

EDWARDS, P. J., and CHAPPELL, J., concur.