## ELZA DALTON v. STATE.

No. A-6838. Opinion Filed Oct. 26, 1929.
(281 Pac. 985.)

N. S. Corn, for plaintiff in error.

The Attorney General, for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Dewey county on a charge of transporting intoxicating liquor from one place in the state to another, and was sentenced to pay a fine of $200 and be imprisoned in the county jail for 30 days; from which judgment he has appealed to this court.

The defendant has assigned 11 errors alleged to have been committed by the court in the trial of his case. The second and fourth assignments being as follows:

"2. The court erred in continuing said case over the objections of the defendant from the July 1927 term of court until the 3rd day of October, 1927, the regular October term.

"4. The court erred in overruling the defendant's motion to dismiss."

After reading the record it is only deemed necessary to consider the second and fourth assignments of error. The facts disclosed by the record show that the defendant by information was charged with the crime of transporting liquor, which information was filed on the 17th day of April, 1927; that on the 5th day of July, 1927, the defendant appeared before said court and announced ready for trial and demanded an immediate trial; that said cause was continued over the defendant's objection to the 3d day of October, 1927; on the 3d day of October, 1927, the defendant filed his motion to dismiss the cause,

alleging the facts, in substance, as herein set out, and that his constitutional right to a speedy trial had been violated, and asked that the cause be dismissed. The statements of the defendant as contained in his motion was not controverted by the state. The defendant's motion to dismiss was denied, and defendant reserved an exception, and urges as one of his assignments of error that the court erred in denying his motion.

The record further shows that after the information was filed, and on the 18th day of April, 1927, the defendant was enlarged upon bail, and at the time of his appearing on the 5th day of July, 1927, and demanding a trial and resisting a continuance, he was on bond.

Section 2913, C. O. S. 1921, is as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This court in the case of Eubanks v. Cole, 4 Okla. Cr. 25, 109 Pac. 736, held that the next term of court within the meaning of this section is the next term of court after the accusation is filed, and, if the accusation be filed during the term, the next term means the next ensuing term.

This court, in State ex rel. Davis v. Bayless, District Judge, 38 Okla. Cr. 129, 259 Pac. 606, held:

"The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise, presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case

from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge, under the constitutional provision (article 2, § 20)."

In Harris v. Ogden, 44 Okla. Cr. 418, 281 Pac. 316, 317, the court said:

"Section 2913, Comp. St. 1921, supra, is intended to amplify and make effective the provisions of article 2, § 20, of the state Constitution, which guarantees an accused a speedy trial. This constitutional and statutory right, however, may be waived, and is waived when a defendant is on bail and agrees or acquiesces in the continuance of the prosecution against him. If he desires to avail himself of this constitutional and statutory right, he must demand a trial and resist a continuance of the case."

In this case it affirmatively appears that the defendant at all times appeared and demanded a trial and objected to the case being continued; and that the time fixed by the statute after the information was filed had expired; and that the case was not postponed on his application. No cause for holding the defendant for a longer period without trial was shown. The motion of the defendant to dismiss was well taken, and it was error for the court to deny the same. The cause is remanded, with directions to the trial court to dismiss the case.

EDWARDS, P. J., and CHAPPELL, J., concur.