### ROBERT W. SEITSINGER v. STATE.

No. A-7334. Opinion Filed March 28, 1931.
(297 Pac. 312.)

Walter Mathews, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was tried for grand larceny, and convicted of petit larceny, and was sentenced to pay a fine of $100 and be imprisoned in the county jail for a period of 30 days, and has appealed to this court by transcript.

Two errors have been assigned by the defendant as grounds for reversal of this case. The first is:

"The court was without jurisdiction to hear and determine said cause, for the reason that more than one term of court had elapsed without giving him a trial, over his objection and exceptions without any cause being given for not trying him."

And second:

"The court erred in overruling his motion to dismiss the prosecution."

The record in this case shows that the information was filed on May 3, 1928, and on the 7th day of May, 1928, the defendant appeared in court for arraignment; waived the reading of the information; and pleaded not guilty. Both parties announced ready for trial; a jury was selected, impaneled, and sworn, and, after hearing the evidence and argument of counsel, returned into court and announced that they were unable to agree upon a verdict. The court ordered a mistrial, and the jury was discharged from further consideration of the case.

Thereafter, on the 15th day of October, 1928, the following order was entered in the case: "The case is passed."

On the 4th day of February, 1929, the defendant filed his motion to dismiss, for the reason that the case was continued from the May term of court to the October term of court, over the objection and without the consent of the defendant, and that it was again continued from the October term of court on the application of the state, over the objection and without the consent of the defendant, and not on the application of the defendant. This motion was sworn to by the attorney for the defendant.

On February 4, 1929, the motion of the defendant to dismiss was overruled; defendant excepted. On the 9th day of February, 1929, the case was called for trial, which resulted in the defendant being convicted. Motion for new trial was filed, considered, and overruled. The only question to be considered in this case is the question, Did the defendant bring himself within the statute? Section 2913, C. O. S. 1921, reads as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The defendant, in support of his motion to dismiss, cites Bayne v. State, 43 Okla. Cr. 440, 279 Pac. 695. In the Bayne Case the record shows that the information was filed on the 3d day of June, 1926, that there was a July term of court, and that on the 11th day of October, 1926, the defendant filed a written demand for trial, demanding that he be placed on trial at the October, 1926, term of

court. The case was tried on the 24th day of February, 1927. The defendant filed his verified motion to dismiss the cause, setting forth the terms of court that had been held since the information had been filed in his case, and that he had made a written demand for trial at the October, 1926, term of court, and his motion was sustained.

In this case the record fails to show that the defendant, at any time prior to the filing of his motion, had filed a written motion or demand for trial. The only showing in the record is a notation that the case was passed.

In State ex rel. Davis v. Bayless, District Judge, 38 Okla. Cr. 129, 259 Pac. 606, in the syllabus, the court said:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise, the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A defendant who has never demanded or been refused trial is not entitled to a discharge, under the constitutional provision (article 2, § 20) and the statutory provision (section 2913, Comp. St. 1921)."

The established rule of this court is that, in the absence of a proper record affirmatively showing the contrary, the presumption is that the court has continued the case for a presumably lawful cause. The burden is on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers, otherwise presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term. A de-

fendant who has never demanded or been refused trial is not entitled to be discharged.

The judgment is affirmed.

CHAPPELL, J., concurs. EDWARDS, J., not participating.