## HARRY ROSE v. STATE.

No. A-8115.    Jan. 9, 1932.
(6 Pac. [2d] 1072.)

42

Mauntel & Spellman, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of discharging a firearm, to wit, a pistol, on the public street of Shattuck, Okla., and was sentenced to pay a fine of $100, and he appeals.

The testimony on behalf of the state shows that the defendant was on the street of Shattuck, Okla., in a car, and discharged a pistol two or three times. No one was injured. The contention is that it struck the house of John Gulley. The defendant offered no testimony.

The defendant has presented and argued two questions. The first proposition the defendant discusses is that the case against him was not called for trial at the next term of court after the case had been filed, but has been continued for more than two consecutive terms at the instance of the state. An examination of the record shows that the case had been on the docket for some time, and that the defendant was on bond; but it fails

to show that the defendant was present demanding a trial, and objecting to it being continued.

In Dalton v. State, 45 Okla. Cr. 86, 281 Pac. 985, this court in the syllabus said:

"Under the provisions of section 2913, C. O. S. 1921, providing for the dismissal of a criminal case on application of the accused for unnecessary delay, the accused must affirmatively show that the delay in bringing the case to trial was on the part of the state, through its prosecuting officers; that he demanded a trial and resisted the continuance of the case from term to term. When he has done that, if the state fails to show good cause for the delay, the motion should be sustained."

The defendant does not bring himself within the statute and ruling of this court on that question, and his objection to the introduction of the evidence was properly overruled.