# HARVEY WOODS v. STATE.

No. A-9612.   Feb. 3, 1940.
(99 P. 2d 189.)

C. F. Gowdy, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant was jointly charged in Tulsa county with Sarah Miller, Amanda Hatley, and one Brooks with the offense of robbery with a dangerous weapon. A severance was granted; the defendant was tried, convicted and sentenced to serve a term of 35 years' imprisonment in the state penitentiary, and has appealed.

The evidence on the part of the state was that one Harve Hampton, a white man, went to a house in the negro section of Tulsa for the purpose of buying some whisky; that he saw the defendant, together with two women and one man charged with the defendant in this offense, at the house where he went to purchase the whisky; that he had been there before, but did not know the defendant. Hampton purchased a half pint of whisky from one of the women; the whisky was passed around the room, and the four negroes and the complaining witness drank it. Hampton then bought another half pint of whisky and stuck it in his pocket and started to go home. One of the women grabbed him, and the defendant pulled a knife with a long blade out of his pocket and grabbed the complainant by the throat and said, "Don't move or I will cut your damned head off." The defendant stuck his hand into Hampton's pocket, removed his billfold, and took $38 in greenbacks out of the billfold, and then opened the back door, and kicked the complainant out the door. Hampton then went down on the street, got two negro policemen, and returned to the apartment house, and arrested the defendant and the two negro women. The complainant was 66 years of age.

Part of the complaining witness' testimony was corroborated by Hiro Hughes and Frank Lockhart, two negroes who were at the rear of the apartment house, who stated that they saw the defendant kick Hampton out the back door.

The policemen testified as to the complaint being made at the time by Hampton, and they then went to the apartment with Hampton, where they arrested the defendant and two negro women; that Harvey Woods and Sarah Miller, one of the negro women involved, were living at the apartment with two other negroes.

The defendant testified in his own behalf that he was 26 years old; that he was at the apartment when Hampton arrived on July 15, 1938; that he was lying on a bed asleep and was awakened by a fuss made by the negro girls and Hampton in the front room. He got up and went into the front room, and Amanda Hatley, Sarah Miller, and Hampton were there. Brooks had gone and did not come back; that Amanda Hatley stated that Hampton was trying to have her for a quarter. The defendant then ordered Hampton to leave, and Hampton stated that he would not leave until he had finished drinking his whisky. The defendant then asked Amanda to open the door, and he took the complaining witness to the door and kicked him out the door.

The defendant denied having a knife and denied taking any money from Hampton. On cross-examination, the defendant stated that he had been convicted of grand larceny in Okmulgee county and of second degree burglary from Creek county, and had served terms in the penitentiary for said convictions.

A written statement that the defendant had given at police headquarters shortly after his arrest was introduced in evidence, in which the defendant stated that

he did not see Hampton that day until he came to the apartment with the police officers.

Sarah Miller, one of the codefendants, was called as a witness and testified that the defendant did not take any money from Hampton, but upon being asked further questions refused to testify on the grounds that she had a case pending and that it might jeopardize her rights in that case.

The defendant assigns as error:

(1) That the information charges the offense of conjoint robbery, while the defendant was found guilty of robbery with a dangerous weapon; and there is a fatal variance between the verdict and the offense charged.

(2) Error of the court in giving instruction No. 6.

(3) That the court was without jurisdiction to try the case in that it was not legally in session when the defendant was tried, convicted and sentenced; in that the general term of the district court of Tulsa county, Okla., for the July, 1938, term was not convened on the day fixed by law for the same; that the trial, verdict, judgment and all proceedings had in said case were at a purported adjourned day.

(4) That the sentence is extreme and cruel, and is so excessive as to fall into the provision of the Constitution prohibiting cruel and excessive punishment, Okla. St. Ann. Const. art. 2, § 9.

We shall consider these various contentions of the defendant in the order named.

The information herein is styled "Information for Robbery with a Dangerous Weapon," and alleges:

"That Dixie Gilmer, the duly qualified and acting County Attorney for Tulsa County, Oklahoma, who prosecutes in the name and by the authority of The State of Oklahoma, comes now into the District Court for Tulsa County, State of Oklahoma, on this the 7 day of September, A. D., 1938, and gives the Court to understand and be informed that Harvey Woods, Sarah Miller, one Brooks whose first name is unknown and Amanda Hatley and each of them on the 15th day of July, A. D. 1938, in Tulsa County, State of Oklahoma, and within the jurisdiction of this Court, did unlawfully, willfully, forcibly, conjointly and feloniously and while acting in concert each with the other, take, steal and carry away, from the immediate presence and person of one Harve Hampton and without the consent and against the will of the said Harve Hampton, certain personal property, to-wit: $38.00 in good and lawful money of the United States of America, being the property of the said Harve Hampton, said taking, stealing and carrying away being then and there accomplished by said defendants and each of them, upon and against the said Harve Hampton by means of force and fear, said force and fear being then and there used by said defendants and each of them, in the manner as follows, to wit:

"That said defendants and each of them, while acting in concert each with the other, did then and there unlawfully, wrongfully, forcibly, conjointly and feloniously, threaten to kill the said Harve Hampton, with a certain open, sharp, pocket knife, then and there had and held in the hands of said defendants and each of them, if he then and there resisted, and did then and there unlawfully, wrongfully, forcibly, conjointly and feloniously, threaten to take the life of the said Harve Hampton, or do him great bodily harm, if he, the said Harve Hampton, then and there resisted, making threats of violence against the person of the said Harve Hampton, then and there and thereby producing in the mind of the said Harve Hampton fear of immediate and unlawful injury to his said person, and said fear so produced in the mind of the said Harve Hampton was sufficient to

and did overcome all resistance on the part of him, the said Harve Hampton, and while he was under the influence of said fear of immediate and unlawful injury to his said person, said defendants and each of them, did then and there unlawfully, wrongfully, forcibly, conjointly and feloniously take, steal and carry away the property aforesaid, with the felonious intent then and there upon the part of said defendants and each of them, to deprive the owner thereof permanently and to convert the same to their own use and benefit, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

It is contended that since the robbery is charged to have been committed by two or more persons conjointly the prosecution should have been under the conjoint robbery statute, section 2552, O. S. 1931, 21 Okla. St. Ann. § 800. There is but one definition of robbery under the statutes of this state, that is robbery as defined by section 2542, O.S. 1931, 21 Okla. St. Ann. § 791.

Conjoint robbery is merely robbery as defined by section 2542, O.S. 1931, 21 Okla. St. Ann. § 791, when committed by two or more persons. The punishment for conjoint robbery is not less than five years nor more than 50 years.

Section 2543, O. S. 1931, 21 Okla. St. Ann. § 801, was adopted in 1925, and provides:

"That any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the state penitentiary, for a period of time of not less than five years, at the discretion of the court, or the jury trying the same."

Both sections 2552, O. S. 1931, 21 Okla. St. Ann. § 800, and 2543, O. S. 1931, 21 Okla. St. Ann. § 801, are statutes of classification and not of definition. Simpson v. State, 40 Okla. Cr. 58, 266 P. 783; Wissinger v. State, 39 Okla. Cr. 324, 264 P. 631.

Section 2543, O. S. 1931, 21 Okla. St. Ann. § 801, applies whether the robbery is by one person or by two or more conjointly. Although the information herein cannot be classed as a model, it includes all of the essential elements of robbery with a dangerous weapon and is sufficient to advise the defendant of the charge for which he is being tried, and it is the class of robbery shown by the evidence.

Instruction No. 6, complained of, is a definition of robbery with a dangerous weapon as given by the statute and is in the exact words of the statute. There is nothing about this instruction of which the defendant can complain. We have carefully considered this instruction and all of the other instructions in this case. They are well prepared and thoroughly cover all of the issues involved in the action, and there is no error appearing in any of them.

Counsel for the defendant had evidently overlooked section 1 of article 2 of chapter 21, Session Laws 1935, 20 Okla. St. Ann. § 95, when he raised the point that the conviction could not be sustained because the court was not regularly in session for the reason that it had not been convened according to law. This statute reads as follows:

"Two regular terms of the district court shall be held each year in each county of this state. The time of commencing or convening these two regular terms in each county shall be on the first Monday in January and the first Monday in July in each year. Each regular term shall commence and convene by operation of law

at the time herein fixed without any act, order, or formal opening by the judge or other official thereof, and shall continue and be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

By reason of this statute, assignment of error No. 3 of the defendant is wholly without merit.

We are inclined to agree with the contention of the defendant that the punishment is excessive. Here we have a white man going to a negro slum district, into a house solely occupied by negroes, buying a bottle of whisky from them, and passing it around the room to two negro harlots, to the defendant who is an ex-convict, and another negro who is a fugitive from justice. All of them imbibed from the same bottle. After that bottle was emptied, the prosecuting witness bought another bottle. Under the evidence the complainant was in the room with these prostitutes and ex-convicts for some 30 minutes, merrily enjoying their company.

This case is much different from the usual robbery cases where some innocent person is hi-jacked on the street or robbed in a place of business where he has a lawful right to be. Here the prosecuting witness by his own action in going to this negro dive and choosing to consort and mix with the very worst element of the colored race, displaying his money to these people, then proceeding to see how much whisky he could drink, thus placing himself in a position where he might be said to have encouraged the half-drunk defendant and his negro mistress to take his money. By his foolish misconduct, this white man brought troubles on his own head. I would say, after reviewing this record, that he was fortunate that all he got from the negroes was a kick in the pants.

Without commenting further on the evidence, it is sufficient to say that the punishment imposed is excessive, and that after a consideration of all the record, it is our opinion that the judgment and sentence should be modified to 20 years.

It is therefore ordered that the judgment herein be modified, and the sentence imposed upon the defendant be reduced from 35 years to 20 years' imprisonment, at hard labor, in the state penitentiary, and the judgment as modified be affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.