# CLARENCE GLOVER v. STATE.

No. A-10156.  Feb. 10, 1943.
(134 P. 2d 144.)

George W. Oliphant, of Holdenville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and H. M. Shirley, Co. Atty., of Coalgate, for defendant in error.

BAREFOOT, J. Defendant, Clarence Glover, was charged in the district court of Coal county with the crime of robbery with a dangerous weapon, was tried, convicted, and his punishment set at ten years in the State Penitentiary; and has appealed.

The defendant was arrested on May 26, 1940. Information was filed in the district court of Coal county on June 12, 1940, and the defendant, being unable to make bail, was confined in the county jail until an order was made by the district judge on June 5, 1940, transferring him to the State Penitentiary for safekeeping, and he remained there until his trial on June 2, 1941.

On May 13, 1941, defendant filed a motion for discharge for the reason that he had not been given a speedy trial, as provided by the Constitution and statutes of the State of Oklahoma. This motion was overruled on May 22, 1941, and defendant's case assigned for trial on June 2, 1941.

The record discloses that evidence was taken at the hearing on the motion for discharge. When the original transcript was prepared, this evidence did not appear therein. The original case-made was filed in this court on January 13, 1942, and an amended case-made was filed on March 26, 1942. It is revealed by the amended case-made that the reporter who took the evidence at the time the motion for discharge was presented lost her notes, and this evidence was omitted from the original case-made. The attorney for defendant filed an affidavit setting forth from memory what this evidence was, and the county attorney OK'd the same, and also signed a stipulation that the amended case-made was true and correct in all particulars; and the trial judge also certified to the same.

From the foregoing statement, it will be seen that the defendant was in the county jail, or the penitentiary, from May 26, 1940, until the date of his trial on June 2, 1941. For this reason, this case has been advanced.

The first assignment of error is that the court erred in overruling the motion of the defendant for discharge, on the ground that he had not been given a speedy trial, as provided by article 2, § 20 of the Constitution, and by sections 2670 and 2872, O. S. 1931, Okla. Stat. Ann. (1941) Title 22, §§ 13 and 812.

Article 2, § 20 of the Constitution reads:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses."

Section 2670, O. S. 1931, Okla. Stat. Ann. (1941) Title 22, section 13, provides:

"In a criminal action the defendant is entitled:

"1. To a speedy and public trial. * * *"

And section 2872, O. S. 1931, Okla. Stat. Ann. (1941) Title 22, section 812, is as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not

brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Okla. Stat. Ann. (1941) Title 20, § 95 (S. L. 1935, p. 29) provides:

"Two regular terms of the district court shall be held each year in each county of this state." These terms shall commence "on the first Monday in January and the first Monday in July in each year, * * * and shall continue and be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

This court will take judicial knowledge of the terms of court to be held in the judicial districts of this state. Ex parte John Menner, 35 Okla. Cr. 252, 250 P. 541; Woods v. State, 68 Okla. Cr. 406, 99 P. 2d 189.

Under this statute, the defendant having been arrested in May, 1940, and information having been filed against him on June 2, 1940, the next term of the district court in Coal county would have begun on the 1st day of July, 1940, and ended on December 31, 1940. The next term would have begun on the 1st day of January, 1941, and ended on June 30, 1941.

The statement, in the form of an affidavit, made by the attorney for the defendant, setting forth the evidence presented on motion and appearing in the amended case-made, is as follows:

(Omitting the heading.) "George W. Oliphant of lawful age, being first duly sworn upon oath, says: That he was and is attorney for Clarence Glover in the above styled case. That he is a regular practicing attorney in good standing in the State Bar of the State of Oklahoma, with his office at 201½ North Broadway, Holdenville, Oklahoma, and that he was such at all times herein set

out. That on the 22nd day of May, 1941, at Coalgate, Oklahoma, while representing the defendant, Clarence Glover, this affiant presented motion to dismiss, which had been filed in said cause of action; that upon a hearing of said motion this affiant caused to be introduced as evidence on behalf of the defendant, Clarence Glover, statement showing that the court fund of the County of Coal, State of Oklahoma, had on hand the following sums of money, for the following months:

"On hand at end of August, 1940 ............................$ 778.19
"On hand at end of September, 1940 ......................  778.19
"On hand at end of October, 1940..............................  778.19
"On hand at end of November, 1940......................  858.64
"On hand at end of December, 1940..........................  823.94
"On hand at end of January, 1941, ...........................  823.94
"On hand at end of February, 1941, ........................  823.94
"On hand at end of March, 1941, ............................ 1225.94
"On hand at end of April, 1941, .............................. 1225.94

"That a term of criminal and civil court is ordinarily held in said County of Coal for approximately $1400.00. That said evidence further showed that the defendant, Clarence Glover, was arrested in June, 1940, and was confined in the State Penitentiary at McAlester for safe-keeping in solitary confinement from the time of his arrest in June, 1940, to the time of his trial in June, 1941. That every time he appeared before court, or officers of the law he demanded his right to a speedy trial, which was denied him; that in the fall of 1940 a term of civil court was held in the district court of Coal county, and no attempt was made to hold a docket on criminal cases, although this defendant was in jail in solitary confinement in McAlester demanding trial. That defendant's father, H. P. Glover, made several calls on the county attorney of Coal county, in the fall of 1940, requesting that said Clarence Glover be granted a speedy trial, and requesting that said case be placed upon the same docket on which civil cases were heard in 1940. That the county attorney failed, neglected and refused to place said case on said docket or any docket or to have said trial. That the county attorney was requested time and again to set

said case for trial. That a term of court elapsed while said defendant was in jail and a greater part of a second term of court elapsed without him being granted a speedy trial, as provided by the statutes of the State of Oklahoma. That this affidavit is being made and filed in this cause for the reason that the stenographer who took the evidence on said motion to dismiss has lost or misplaced said notes and that the evidence taken by her in shorthand can not therefore be transcribed and incorporated in the casemade herewith, and that this is a statement of the evidence made up from memory by the counsel of defendant, and is hereby filed as a true statement of said evidence offered and introduced at said time.

(Signed) "George W. Oliphant

"Subscribed and sworn to before me this 23rd day of February, 1942.

(Signed)    June Burton,
(Seal)                         Notary Public.

"My comm. expires: Jan. 3, 1945.

"OK   H. M. Shirley, County Attorney and was Special Prosecutor in this case."

There is also included in this amended case-made a copy of the July, 1940, docket of the district court of Coal county, beginning on November 25, 1940. The case of this defendant was not assigned at that time, notwithstanding the fact that information had been filed against him on June 2d, and that he was confined in the State Penitentiary awaiting trial. It is revealed by the record that 31 civil cases were assigned for trial at this term of court, but no criminal cases were set on that docket.

A stipulation was signed by the county attorney and filed as a part of the amended record. It is as follows:

(Omitting the caption) "Concerning amended case-made:

"This is to certify that I, the undersigned county attorney for the plaintiff, the State of Oklahoma, have

examined the foregoing amended case-made and find the same true and correct in all particulars, and have no amendments to suggest, and waive the time allowed by the court in which to suggest amendments to same, and consent that the amended case-made as heretofore set out may be signed, settled, certified and allowed by the court as in all respects full, true and correct.

"I hereby waive notice to me of the time and place of the presentation of the above and foregoing case-made to the judge of said district court before whom said cause was tried, for settlement and signing, and hereby agree that said amended case-made may be presented to said judge for settlement and signing and be settled, signed and allowed by said judge at any time it may suit his convenience to do so.

"Dated this 12 day of March, 1942.
(Signed)   "M. M. Shirley County Attorney of Coal County, State of Oklahoma."

The certificate of the trial judge is as follows:

(Omitting the caption)   "I, the undersigned judge of the district court within and for Coal county, State of Oklahoma, before whom said cause was tried, hereby certify that the foregoing amended case-made was presented to me, as the amended case-made herein, as required by law, by the parties to said cause, and it appearing to me, that the amended case-made has been duly made and served upon the plaintiff, the State of Oklahoma, within the time fixed by the order of this court, and in the manner and form provided by law;

"And the said amended case-made having been examined by me, is true and correct and contains a true and correct statement and complete transcript of all pleadings, motions, orders, evidence, findings, judgments and proceedings in said cause and the plaintiff, The State of Oklahoma, in said cause, by its county attorney, having certified in writing that the foregoing amended case-made is a true and correct amended case-made in all particulars, and that it has no amendments to suggest,

and waives the time allowed by the court within which to suggest amendments and waives notice of the time and place of presentation of said amended case-made to the judge of said court who tried the case, for settlement and signing, and consents that the said amended case-made as hereinbefore set out may be signed, settled, certified and allowed by the court as in all respects full, true and correct. I hereby certify, sign and settle the amended case-made as a true and correct amended case-made in said cause, and direct that it be attested and filed by the court clerk.

"It is further ordered that the defendant may withdraw the amended case-made from the files for the purpose of attaching it to the petition in error to be filed in the Criminal Court of Appeals of the State of Oklahoma.

"Witness my hand this the 26th day of March, 1942.
(Signed) "Roy Paul
"District Judge, Coal County,
Oklahoma.

"Attest:
"Joe R. Summers, Court Clerk
"Coal County, Oklahoma
"By W. B. Anderson, Deputy."

The construction of the Constitution and the statutes hereinbefore quoted have been under consideration in the following cases: Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419; Ex parte Leathers, 66 Okla. Cr. 172, 90 P. 2d 450; Ex parte Warrenburg, 63 Okla. Cr. 125, 73 P. 2d 476; Ex parte Wilkerson, 73 Okla. Cr. 32, 117 P. 2d 172.

In fact, this section of the Constitution and these sections of the statute have been construed by this court in numerous cases. A reading of these cases reveals that there are apparent conflicts in some of the decisions. The courts have called attention to these apparent conflicts, and we at this time shall refer to some of them.

Presiding Judge Furman wrote a most applicable and forceful opinion in the early case of McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160, 163. We quote from the opinion:

"This statute relieves trial courts of construing the term 'speedy trial' in each and every case wherein it is presented. When it is found that a defendant in any particular case has not been brought to trial at the next regular term of the court in which his case is triable, after the case has been presented therein, it is the duty of the trial court to order the prosecution to be dismissed, unless it appears that the case had been postponed or continued upon the application of the defendant, or unless the state shows good cause (that is, some legal reason) why said case has not been tried, and why said prosecution should not be so dismissed. The evident purpose of these provisions of the Constitution and the statute is to require of the officers of the law that they exercise reasonable diligence in preparing for the trial of criminal cases, and to secure to each person charged with crime a trial as soon after the indictment or information has been filed against them as the prosecution can with reasonable diligence prepare for trial; regard being had to the terms of court.

"Any delay caused by operation of the rules of law would constitute good cause for continuing a case beyond a second term of the court. Where it appears from the record that a defendant has not been brought to trial at the second term of the court after the prosecution against him has been instituted, and the record does not show that this postponement was caused by the application of the defendant, or with his consent, then the defendant's right, if he demands it, to have the prosecution against him dismissed becomes absolute, unless good cause is shown by the state why the case should be continued to a subsequent term of the court; and this showing of 'good cause' will not be presumed, but must appear in the record of the trial court, or in the answer to the

petition for mandamus. Whether or not the cause shown for the further continuance of a prosecution is sufficient is addressed to the discretion of the trial court, and, if the trial court abuses this discretion, it is subject to review upon appeal or in mandamus proceedings. This rule secures to a defendant his right to a speedy trial, upon the one hand, by protecting him from vexatious, capricious, arbitrary, and oppressive delays, and, upon the other hand, it does not preclude the rights of public justice; for, if good cause for a postponement of a trial exists, the requirements of the statute do not apply. Were it not for this rule, an arbitrary and capricious judge could punish a defendant indefinitely by confining him in prison, pending a final trial, or, if the defendant was on bail, such a judge could harass and distress him without limit by keeping a groundless accusation hanging over his head and clouding his good name; while, on the other hand, if good cause exists why a case should be continued from term to term of the court, this cause can be made to appear in the record, and the ends of public justice will be protected."

In the case of Harris v. Ogden, 44 Okla. Cr. 418, 281 P. 316, 317, this court referred to the seeming conflict in the cases decided by the court, and announced the rule that has been followed since that time. We quote:

"There appears to be a conflict in some of the opinions rendered by this court under section 2913, supra [22 O. S. 1941 § 812]. In some of the opinions where two terms have elapsed without consent of defendant it is said the burden is on the state to show that the continuance was for a lawful cause. Smith v. State, 27 Okla. Cr. 294, 27 P. 901; Clinkenbeard v. State [40 Okla. Cr. 113], 267 P. 485; Bayne v. State [43 Okla. Cr. 440], 279 P. 695.

"Other cases hold that, when a defendant is on bail, he must demand a trial or resist the continuance of the case. State ex rel. v. Bayless [38 Okla. Cr. 129], 259

P. 606, and authorities cited; Davis v. State [44 Okla. Cr. 141], 279 P. 976.

"This seeming conflict appears to have arisen in cases where no counter showing was made to a defendant's motion to dismiss under this statute and in cases where a counter showing was made.

"In the first line of authorities where an accused has made a sufficient showing and no counter showing is made, and the allegations of the defendant thereby tacitly admitted, the holding is in substance that the state must make some explanation showing good cause for its delay in bringing the accused to trial. These cases correctly state the law, if the showing made affirmatively discloses that the neglect is on the part of the state and that defendant has demanded trial and resisted a continuance. The other line, as in the Davis cases, supra, hold in substance that the burden is on defendant in the first instance to show that the laches were on the part of the state, and when on bail that he had demanded a trial and resisted a continuance. The conflict is more apparent than real, but, conceding a conflict, the Davis cases undoubtedly state the correct rule. Section 2913, Comp. St. 1921, supra [22 O. S. 1941 § 812], is intended to amplify and make effective the provisions of article 2, § 20, of the state Constitution, which guarantees an accused a speedy trial. This constitutional and statutory right, however, may be waived, and is waived, when a defendant is on bail and agrees or acquiesces in the continuance of the prosecution against him. If he desires to avail himself of this constitutional and statutory right, he must demand a trial and resist a continuance of the case."

It will be noted that in this case the defendant was on bail, while in the instant case the defendant had at all times been confined in jail, or the State Penitentiary.

As heretofore stated, the defendant in this case was arrested on May 26, 1940, was placed in the county jail

of Coal county, was transferred to the state penitentiary on June 5, 1940, where he remained until the date of his trial, June 2, 1941.

The record reveals that the father of the defendant made several calls on the county attorney of Coal county in the fall of 1940, requesting that the defendant be given a speedy trial, and that a request or demand was made that his case be placed on the docket at which the civil cases were heard in the fall of 1940. This request was denied. Defendant was not tried until near the close of the January, 1941, term, towit, on June 2, 1941. There is no denial of this testimony in the record. No response was filed by the county attorney to the motion for discharge. The county attorney signed a stipulation in which he states "I have examined the foregoing amended case-made and find the same true and correct in all particulars, and have no amendments to suggest." The trial judge certified that the amended case-made "is true and correct, and contains a true and correct statement of all pleadings, motions, orders, evidence, findings, judgments and proceedings in said cause."

From the above it will at once be observed that this defendant was not granted a trial, "at the next term of court," after the information was filed against him. He has been in jail and the State Penitentiary since May 26, 1940. Defendant has brought himself clearly within the rule announced by this court in the case of Harris v. Ogden, supra, and other cases. The state at no time assumed the burden cast upon it to give the defendant a speedy trial. In fact, there was unnecessary delay, which entitled the defendant to have his motion for discharge granted on May 22, 1941. How true are the words of Judge Furman, above quoted, when he says:

"This rule secures to a defendant his right to a speedy trial, upon the one hand, by protecting him from vexatious, capricious, arbitrary, and oppressive delays, and, upon the other hand, it does not preclude the rights of public justice; for, if good cause for a postponement of a trial exists, the requirements of the statute do not apply. Were it not for this rule, an arbitrary and capricious judge could punish a defendant indefinitely by confining him in prison, pending a final trial, or, if the defendant was on bail, such a judge could harass and distress him without limit by keeping a groundless accusation hanging over his head and clouding his good name; while, on the other hand, if good cause exists why a case should be continued from term to term of the court, this cause can be made to appear in the record, and the ends of public justice will be protected."

For the reasons above stated, it becomes unnecessary to consider other assignments of error.

The judgment and sentence of the Coal county district court is reversed and the warden of the state penitentiary is directed to deliver the defendant to the sheriff of Coal county, and the court is directed to sustain the motion of the defendant for his discharge, by reason of not having been given a speedy trial in accordance with the provisions of the Constitution and the statutes of this state.

It is so ordered.

JONES, P. J., concurs.

DOYLE, J. (concurring). In the case of Culver v. State, 11 Okla. Cr. 4, 141 P. 26, 28, we said:

"The Constitution guarantees a speedy and public trial to the accused, in all criminal prosecutions. Section 20, Bill of Rights. The Legislature has provided what shall constitute a reasonable time within which a defendant shall be brought to trial, unless good cause is shown for further delay.

"Section 6096 of Procedure Criminal [Rev. Laws 1910, sec. 2872, Sts. 1931, 22 Okla. Stat. 1941 § 812) provides:

" 'If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.'

"We are inclined to think that the action of the court in continuing the case over the May term without requiring the state to show cause operated as a discontinuance. Where any valid reason exists, or legal ground is shown by the state for the continuance, the granting of the same is a matter within the sound discretion of the court, but under section 6096, supra [sec. 2872, Sts. 1931, 22 Okla. Stat. 1941 § 812], a defendant indicted for, or charged by information with, a public offense, whose trial has not been postponed upon his application, is entitled to his discharge for failure to try his case within the statutory time, in the absence of any good reason for further delay. The statute is for the purpose of carrying into effect the constitutional guaranty of a speedy trial. The authorities uniformly hold that such statutes are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provisions. State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736. See, also, McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160.

"Upon the failure of the state to make a proper showing for a continuance at the May term, and the defendant not consenting thereto, the case should have been dismissed. It was therefore error to deny the defendant's motion to dismiss. It follows that the judgment should be reversed, with direction to discharge the defendant."