# CARL L. JANAWAY v. STATE.

No. A-10715.   Oct. 3, 1946.
(173 P. 2d 222.)

See, also, 83 Okla. Cr. 82, 173 P. 2d 226.

Carl L. Janaway, of McAlester, in pro. per.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and R. O. Ingle, Co. Atty., of Sallisaw, for defendant in error.

BAREFOOT, J. Defendant, Carl Janaway, was convicted in the district court of Sequoyah county of the crime of assault with intent to kill, and by the court sentenced to serve a term of ten years in the State Penitentiary, and has appealed.

On August 22, 1945, this defendant filed in this court a petition for habeas corpus, seeking his release from the State Penitentiary where he was confined by reason of the judgment and sentence of the district court of Sequoyah county. This petition was filed by petitioner in person. His attention being called to the fact that his case could not be reviewed by this court on habeas corpus, except for want of jurisdiction of the lower court, and the time not having expired for the filing of an appeal of his case, he had the case-made prepared, and his appeal was filed within the time provided by law. The appeal and the petition for habeas corpus were submitted together by consent of the court, and are now here for proper determination by this court.

Defendant has apparently prepared and filed his own brief in both the habeas corpus proceeding and in the appeal. The same issue is involved in both proceedings.

The petition for habeas corpus is quite properly described in the brief of the Attorney General as a "wilderness of verbiage"; and the same may be said of the briefs he has filed. They consist of his words and phrases, improperly used and connected, and having no meaning or bearing upon the issues involved. They contain numerous contemptuous charges against the trial court, the attorneys for the state and his own attorney; and other officers of the court, which would if necessary be stricken from the record, and which, of course, have received no

consideration from this court. If such statements had been made by a practicing attorney, proper action would be taken and punishment administered.

Defendant was charged by complaint filed in the office of the justice of the peace in Sequoyah county on March 17, 1937, with the crime of assault with intent to kill Raymond P. Drake, on September 11, 1936. He was not apprehended and arraigned on this charge until August 23, 1944, six and a half years after the crime was committed. In the meantime, it appears from the record that defendant served time in the Arkansas penitentiary for burglary, grand larceny and kidnapping, and that he had escaped from that penitentiary; and that he also served time in the Federal penitentiary, a part of which was served at Alcatraz. On August 19, 1944, and just prior to his arraignment before the justice of the peace of Sequoyah county on August 23, 1944, the Governor of Arkansas released the defendant on an "indefinite furlough," one of the conditions of which was that he should "not return to Arkansas during his lifetime."

When arraigned in the justice of the peace court on August 23, 1944, defendant waived preliminary, and was bound over to the district court, and his bond fixed at $3,000. Information was filed against him in the district court on August 23, 1944, but he was not arraigned until October 4, 1945. On that date counsel was appointed to represent him, he was served with a copy of the information and list of state's witnesses, and entered a plea of not guilty. His case was set for trial on October 15, 1945, and he was tried on that date.

After the jury had been impaneled and was ready to receive the evidence, the following proceedings were had:

"Mr. Agent (counsel for defendant): Comes now the defendant and moves that the above case be dismissed for the reason that the defendant has not been given a speedy trial, as guaranteed by the statutes of Oklahoma and of the United States—The Court: You don't want to argue that, do you? Mr. Agent: We will have to get the warrant before we can continue the motion to show when he was brought in here—the defendant was unlawfully arrested and brought to Sequoyah county, Oklahoma, on October 4th, — Mr. Ingle (County Attorney): That was the date he was brought here. The Court: You are talking about the date of the original arrest? Mr. Agent: Yes. Unlawfully arrested on August 19th, 1944, and has repeatedly insisted and requested a trial of this case since his arrest and has been refused a trial. At that time the witnesses were available to the defendant, but are not available now and the defendant cannot properly present his defense to the charge. The Court : The record may show the motion is overruled and an exception. Mr. Ingle: We better make a record on it. The Court: All right. You better make your record then. Strike that. I haven't acted on it yet. G. B. Taylor called as a witness for and on behalf of the State of Oklahoma, in response to the motion to dismiss, having been first duly sworn according to law, testified as follows, to wit: Direct Examination by Mr. Ingle. Q. What is your name? A. G. B. Taylor. Q. Where do you live, Mr. Taylor? A. Northwest of Sallisaw. Q. What official position do you have? A. Court clerk. Q. How long have you been court clerk? A. Since the 4th of January, in 1943. Q. You were court clerk then on August 19, 1944? A. That is right. Q. From August of 1944 until this time has there been a term of court held? A. No, sir. Q. This is the first term of court that has been held? A. Yes, sir. Q. Since the 23rd day of August, 1944, until this date? A. Yes, sir. Mr. Ingle: That is all. Cross-examination by Mr. Agent: Q. Mr. Taylor, I hand you here the jacket containing the court files in this case. Are all of the files in that case? A. I would have to check the record to see. I would have to check with the docket

before I could tell you. Q. Will you do that, please, sir. (Whereupon the witness leaves the stand for a short period and again takes his place in the witness chair.) The Witness: They are all here except the subpoena. The subpoena isn't here. Q. Do you find a warrant for the arrest of the defendant in this case, Mr. Taylor? A. It is not shown on the docket. Q. There is no warrant in the jacket in the case? A. No, sir. Q. Have you any evidence there of the arrest of this defendant? A. No, sir, I don't have it. Mr. Agent: That is all. Mr. Ingle: I don't care anything about asking him anything more. The Court: All right. Witness excused."

The only question with which we are concerned in this case is whether petitioner was given a "speedy trial" as required by the Constitution and statutes of this state. He makes many references to the violation of different provisions of the Constitution of the United States which are without merit and unavailable. His remarks are contemptuous, and, as hereinbefore stated, if they had been made by an attorney representing a defendant, would not only be stricken, but the attorney would be properly punished. The record in this case does not show enough facts for a proper determination of the question as to whether defendant was given a speedy trial, as contemplated by the Constitution and statutes of this state. The state in its brief does not refer to the question of defendant not having been granted a speedy trial.

It was agreed in open court at the time of the hearing that petitioner was held in the State Penitentiary at McAlester after his arrest and from August 23, 1944, the time he was bound over to the district court, until October 15, 1945, the date his trial was begun, an intervening period of 14 months. As above stated, when the case was called for trial, the attorney for defendant in open court moved for a dismissal of the case for the reason

that the defendant had not been given a speedy trial, and evidence was taken. The state placed the court clerk upon the stand, and he was the only witness. The entire proceedings with reference to this motion have hereinbefore been quoted in full. It only shows that no term of court was held in Sequoyah county from August 23, 1944, until October 15, 1945. Under the law the burden was upon the defendant to show that he had been confined during the intervening time, and that the delay had not been upon his application.

When this proof was made, it became the duty of the state to show "good cause" as to why the defendant had not been given a speedy trial. There was no effort made to show how many terms of court should have been held between the time petitioner was bound over and information filed against him, and the time he was tried. There are many facts which under the law constitute "good cause," for not bringing a defendant to trial. It might be that this court would take judicial knowledge of the terms of court to be held. This point has not been briefed by either the defendant or the state, and the terms of the record are so meager that it is impossible to pass upon this question intelligently. No motion was filed by the defendant prior to the trial, asking that the defendant be discharged because of failure to be given a speedy trial, and the question of a waiver of his rights to raise this question presents itself. Ex parte Meadows, 71 Okla. Cr. 353, 112 P.2d 419.

We have recently had occasion in the case of Davidson v. State, 82 Okla. Cr. 402, 171 P. 2d 640, to discuss the terms of the Constitution and the statute with reference to a "speedy trial." Many cases decided by this court are cited; among them the cases of Glover

v. State, 76 Okla. Cr. 53, 134 P.2d 144, Brummit v. Higgins, 80 Okla. Cr. 183, 157 P.2d 922. We also call attention to the case of Ex parte Meadows, supra.

In the Davidson case, supra [171 P.2d 642], the fifth and sixth paragraphs of the syllabus read:

"5. Where defendant is on bail, the presumption is that a delay in the trial is caused by or with the consent of defendant, and the record must affirmatively show that he demanded trial or resisted continuance of the case. However, if defendant is not on bail, the law makes the demand for trial for him and the prosecution had the burden of showing that the trial was delayed for some lawful cause.

"6. Where record disclosed that defendant was not tried at next term after information was filed against him, and because of his inability to make bond, he was held in confinement for a year pending trial and state made no effort to excuse the delay, denial of defendant's motion for discharge under statute relating to dismissal of prosecutions for failure to grant him a 'speedy trial' guaranteed by the Constitution was error."

In that case the record disclosed that at the time of arraignment, March 8, 1943, the sheriff was directed to take the defendant to the penitentiary for safe-keeping. He was held there until January 26, 1944. Defendant presented a written motion for his discharge by reason of the failure to give him a speedy trial; and he was returned for the purpose of hearing on this motion. The record was full and complete. The defendant testified to all the facts of his incarceration and the dates. The court said:

"It is our conclusion after full consideration of the record in this case that the defendant being in custody and not on bail had only to show that he was not

brought to trial at the next term of court after the information was filed, that the delay was not on his application or with his consent, and that the burden shifted to the state to show good cause why the defendant had not been tried. The state has wholly failed to sustain this burden."

While the record in this case does not show that petitioner has met all of the burdens imposed upon him by law, neither has the State met the burdens imposed upon it. There is a letter attached to the petition from the district judge of Pittsburg county in which he states:

"I got in touch with the penitentiary officials and they tell me you are there for safe-keeping charged with murder in Sequoyah county and awaiting trial."

Petitioner having had an information filed against him in August, 1944, and not having been tried until October 15, 1945, was entitled to a full and complete hearing as to whether he had been accorded a speedy trial in compliance with the terms of the Constitution and the statutes, which provide:

Art. II, § 20: "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post office addresses."

Tit. 22, O. S.1941 § 812:   ,

"If a defendant prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

For the reasons above stated, the judgment of the district court of Sequoyah county is reversed, and the case remanded with directions to the Warden of the penitentiary at McAlester to turn the custody of the defendant to the sheriff of Sequoyah county, to be by him held, pending trial upon the question as to whether defendant was given a speedy trial, and the further order of the district court of Sequoyah county.

JONES, P. J., concurs.   DOYLE, J., not participating.