Nathan SPIGNER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12466.

Criminal Court of Appeals of Oklahoma.

June 12, 1957.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Nathan Spigner, defendant below, was charged by information in the County Court of Carter County, Oklahoma, with the offense of unlawful possession of intoxicating liquor in violation of 37 O.S.1951 § 31. He was tried by a jury, convicted, and the penalty fixed at 30 days in the County Jail and a fine of $300 and costs. Judgment and sentence were entered accordingly from which this appeal has been perfected.

The defendant's first assignment of error is predicated upon a motion to dismiss for the reason he had not been accorded a speedy trial under the provisions of 22 O.S.1951 § 812, as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

He relies upon the case of In re Gregory, Okl.Cr., 309 P.2d 1083, which decision was rendered subsequent to the trial of this case. Other than the defendant's motion to dismiss, nothing appears in the record to support this contention. Apparently, this contention is an afterthought. The matter raised is one for judicial determination under the facts and circumstances in the case, and no facts whatever appear in the record to support this contention. It would be incumbent upon the defendant to bring himself within the rule announced in the Gregory case, supra, to support his motion with proof that he was either confined in jail in violation of the Constitutional guaranty of speedy trial and 22 O.S.1951 § 812,

or that he was out on bail and had demanded a trial. State ex rel. Rothrock v. Haynes, 83 Okl.Cr. 387, 177 P.2d 515; Janaway v. State, 83 Okl.Cr. 74, 173 P.2d 222; Davidson v. State, 82 Okl.Cr. 402, 171 P.2d 640; Hutson v. State, 72 Okl.Cr. 61, 112 P.2d 1109. After the defendant had made a showing as required by the Gregory case and other cases cited supra, then the burden shifts to the State to show that good cause existed for the continance from term to term. Under the state of the record herewith presented, to pass upon this point would require us to indulge in assumptions, presumptions, and speculations. The point thus presented is without merit.

The second assignment of error is that the trial court erred in overruling the defendant's demurrer to the State's evidence and in overruling his request for a directed verdict. The point is predicated on conflicting evidence. Briefly, the officers testified that armed with a valid search warrant, they went to the defendant's place of business, a cafe, and after a search found seven pints and a broken half-pint of whiskey in the deep freeze. In the living quarters of the defendant, in the back of the building, they found four fifths and a broken fifth of wine. Moreover, the evidence established the fact that Spigner's cafe was a place of public resort and bore the reputation of being one where intoxicating liquor was sold. On cross examination by counsel for the defendant, it was developed from one of the officers that numerous arrests had been made at this cafe for drunkenness.

The defendant's defense was predicated upon the proposition that a Sergeant Rudolph Sparks had preceded the officers some little time before into the cafe. Before he went into the cafe, he asked the defendant if he could leave a package therein. The defendant advised him that he could and he put the package into the deep freeze.

If this be true, it does not account for the presence of the wine in the defendant's

living quarters and apparently the jury took this into consideration in discounting this defense even in the face of the fact that it was corroborated. In any event, it presented a question of fact for the jury, which determination is binding on this Court where there is any evidence reasonably tending to support the same. Dodson v. State, Okl.Cr., 284 P.2d 437; Houston v. State, Okl.Cr., 240 P.2d 113; Medley v. State, 81 Okl.Cr. 242, 162 P.2d 881.

The last contention offered by the defendant is that the punishment imposed is excessive. Under the provisions of 37 O.S.1951 § 31, the maximum penalty for such offense is six months imprisonment and a fine of $500.00. Under these conditions, we can not say that the jury imposed an excessive penalty.

Judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.